13-17603

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**MIGUEL GALINDO SIFUENTES,**

                Petitioner-Appellee,

    **v.**

**P.D. BRAZELTON,**

                Respondent-Appellant.

On Appeal from the United States District Court
for the District of California
No. 09-cv-02902-PJH
The Honorable Phyllis J. Hamilton, Judge

**MOTION FOR LEAVE TO FILE AN OVERSIZE BRIEF**

                                            KAMALA D. HARRIS
                                            Attorney General of California
                                            DANE R. GILLETTE
                                            Chief Assistant Attorney General
                                            GERALD A. ENGLER
                                            Senior Assistant Attorney General
                                            PEGGY S. RUFFRA
                                            Supervising Deputy Attorney General
                                            JOHN H. DEIST
                                            Deputy Attorney General
                                            State Bar No. 136469
                                              455 Golden Gate Avenue, Suite 11000
                                              San Francisco, CA  94102-7004
                                              Telephone: (415) 703-5855
                                              Fax: (415) 703-1234
                                              Email:  John.Deist@doj.ca.gov
                                              *Attorneys for Respondent-Appellant*

Pursuant to Ninth Circuit Rule 32-2, appellant P.D. Brazelton (Warden) respectfully requests permission to file an oversize opening brief on appeal. The accompanying brief contains 16,775 words, and thus exceeds the limit of 14,000 words by 2,775 words.

This appeal arises out of extraordinary circumstances. In 1998, habeas corpus petitioner Miguel Sifuentes and two codefendants were charged in California state court with the capital murder of a police officer during a robbery. Although all three defendants were convicted as charged, none received the death penalty.

The defendants appealed their convictions to the California Court of Appeal, arguing primarily that their convictions were tainted by racial discrimination during jury voir dire. Specifically, the defendants argued that the prosecutor violated *Batson v. Kentucky*, 476 U.S. 79 (1986), by exercising nine of his 33 peremptory challenges against Black jury candidates. The Court of Appeal unanimously affirmed the convictions, and the California Supreme Court unanimously denied review.

One of the three codefendants, Vasquez, filed a federal habeas corpus petition in the Northern District of California in 2007. That petition reiterated the *Batson* claim that had been denied by the state courts, and the

petition was assigned to District Judge William Alsup. On September 28, 2010, Judge Alsup denied the petition on the merits and further denied a certificate of appealability.

Codefendant Sifuentes also filed a habeas corpus petition—presenting the *Batson* claim and a few other claims—in the Northern District of California in 2007. That petition did not contain a statement of related cases, and it was assigned to District Judge Hamilton. Appellant moved to transfer the matter to Judge Alsup, but he denied the motion because some of Sifuentes's claims were not included in the habeas petition presented to him by Vasquez. Judge Hamilton ultimately granted habeas relief to Sifuentes on the *Batson* claim.

Respondent has appealed. In short, a *Batson* claim that arose out of a single state court trial has been presented to two different federal district courts, and Judge Alsup denied relief while Judge Hamilton granted relief. If Judge Hamilton's order is ultimately affirmed by this Court, Sifuentes will have to be retried for a murder of a police officer committed in 1998. Thus, the stakes for this appeal are high.

More substantively, a comprehensive opening brief is necessary to show that the *Batson* claim is meritless. Jury selection for this capital case

took nearly five months, and the record of jury voir dire (including trial transcripts and juror questionnaires) spans nearly 7,000 pages. Although Judge Hamilton found that habeas relief was warranted because the prosecutor discriminated against two Black jurors, Sifuentes argued (in a 68-page district court brief) that the prosecutor's racially discriminatory mindset was reflected in his challenges to all nine dismissed Black jurors. Sifuentes was able to present a colorable *Batson* violation by seizing on isolated discrepancies and inconsistencies in the prosecutor's statements of reasons for his challenges, but the prosecutor's reasons for his challenges become clear when they are presented in full factual context. Indeed, the Supreme Court has emphasized that the *Batson* inquiry must be based on "all relevant circumstances. *Batson*, 476 U.S. at p. 96.

    The voir dire questioning and the prosecutor's statements of reasons for the two most important jury candidates, i.e., the candidates for whom Judge Hamilton found racial discrimination, span 70 pages of transcript. Those 70 pages are essential to the resolution of this case, and we have condensed the critical portions of those pages into about 6,500 words in our brief. Our legal analysis of the prosecutor's reasons for those two challenges, including the required comparative analysis to other jurors, adds about 3,500 words.

3

*See Kesser v. Cambra*, 465 F.3d 351, 360 (9th Cir. 2007) (en banc) (reviewing court must consider comparative juror analysis in assessing *Batson* claim).

Additionally, because Sifuentes's argument to the district court focused so heavily on the prosecutor's challenges to all nine Black jury candidates, we have analyzed the challenges to the other seven candidates in about 3,000 words, or two pages per candidate. We believe we must address the challenges to those candidates in our opening brief or Sifuentes may argue our contention is waived.

The trial court admittedly made one minor error during voir dire, in that the court prohibited the defendants from presenting rebuttal argument on their first *Batson* motion. Sifuentes argues that this error requires this Court to review the *Batson* claim de novo, rather than under the deferential standard of AEDPA. Although we believe the argument is without merit, Judge Hamilton believed the error added some support to the *Batson* claim on habeas review. Thus, the error is sufficiently serious to require thorough analysis (about 1,000 words).

Finally, there are several other essential portions of our opening brief, including the Introduction, Statements of the Case, Facts, and Jurisdiction

4

(1,200 words); a summary of *Batson* and its progeny (1,000 words); and a summary of the standard of review under AEDPA (400 words).

For all of these reasons, respondent asks permission to file an opening brief of 16,775 words.

Dated:  April 29, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General

s/ JOHN H. DEIST

JOHN H. DEIST
Deputy Attorney General
*Attorneys for Respondent-Appellant*

SF2013406746
40949736.doc